Caruthers, J.,
delivered the opinion of the Court.
This is a proceeding for the sale of land for partition, in which several questions are made for the reversal of the decree arising out of the following state of facts :
Joseph Miller made his will in October, 1852, and died in Franklin county, in 1858. The seventh and residuai’y clause is;
“As to the rest and residue of my estate, both real and personal, money in hand and choses in action, after paying and discharging the legacies herein bequeathed, I desire and direct that the same be equally divided among my children, to-wit: Samuel Miller’s heirs, Susannah Perkins, Jane Hawkins, wife of Squire B. Hawkins, share and share alike.”
The real estate conveyed by this clause was 370 acres of *653 land, being that part of the tract on which the testator lived, after taking off 227 for his wife during her life, or widowhood. This last, on the happening of either of those events, is devised with all the personal property given to her, to all his children equally. His children, with the representatives of those who are dead, are ton in number. This petition for the sale of the realty was filed by and against all, and asked for the sale of the remainder in the dower, in which all were interested, as well as the 370 acres embraced in the residuary clause.
The Circuit Judge at the July term, 1858, directed a report to be made upon proof, by the Master, as to the propriety of selling, &c. This was done at November term, 1858, and the court being satisfied that a case was made under the law for a sale, ordered the same to be made by the Master, of the 370 acres, but not the remainder in the dower tract. Whereupon John Miller, one of the petitioners, who was interested in the dower tract, but not the 370 acres decreed to be sold, filed his petition to arrest the proceedings, upon the ground that he had discovered that the will contemplated a partition of the land, and by implication forbid a sale, and therefore, that, according to the Code, sec. 3340, the same could not be sold for partition. The court refused to supersede the previous order, and the land was sold, and James A. England, who had married the daughter of Sam’l Miller, dec’d, one of the devisees, and who was one of the defendants, as well for himself and wife, as her infant brother, Samuel Miller, jr., as his general guardian, became the purchaser at $35.36. The value of the land, as fixed by the proof, was but $18 per acre. This was unquestionably a fair and high price. There is no doubt but that it is most clearly to the interest of all concerned, and particularly to the minor, that the sale should stand. And all the parties interested in the matter are in favor of it. But the same John Miller, who has no interest at all in the case, since the dower tract was reserved from sale, filed three exceptions to the report of sale.
1. Because there is no authority to sell under the will.
*654 2. The lieirs of Joseph Miller are not properly before the court.
3. The purchaser is the guardian, of the minor defendant.
The court overruled the two first exceptions, but sustained the third, and ordered a re-sale. From this John Miller, and no other party, appealed to this Court.
In ordering the land to be sold, and overruling the first exception, which involves the same question, we think his Honor was correct. Section 3340 of the Code, which it is supposed forbids the sale in this case, we think, does not apply. It provides that, “ In no case shall property be sold, if it be claimed under a will which expressly directs otherwise.”
This will does not “ expressly direct otherwise.” It directs that an equal division shall be made of the property embraced by the residuary clause among his children therein named. But he certainly does not expressly, nor, as we think, impliedly forbid that this may be done by a sale, if the interest of the devisees would be best promoted by that course.
In sustaining the third exception and setting aside the sale, we suppose his Honor considered that section 3339 of the Code applied to the case. That prohibits a guardian, next friend, or witness, to purchase property sold under a decree in the cases to which it refers. As the purchaser does not appeal, perhaps that question is not properly before us. We are not prepared to concede that this question applies to any other sales than those made under the chapter in which it is found, and if so, it would not prohibit a guardian, &c., from purchasing in sales made under the preceding chapter, for partition, as was the present case. Previous to the Code, we have held that a guardian may purchase, provided it is found by the court to have been fairly done, and subject to no exceptions, upon scrupulous and jealous examination. Elder v. Lancaster, decided at the last term at Jackson. We think that the Code only changes this rule as to cases provided for in chapter 3, page 617. But as there is no appeal by either *655 party interested in that part of the decree, we cannot change it.
We affirm the decree and remand the cause to be proceeded in by a re-sale, at which the guardian may bid for the land. John Miller will pay the costs in this Court, and the cost of bis petition, and the previous sale below.